07 CV 11125

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------------X

BAOTONG SHIPPING LTD.,

                       Plaintiff,

    - against -

MODERN WOOD INVESTMENT LTD.,

                       Defendant.

-----------------------------------------------------------------X

07 CV _____

RECEIVE
DEC 10 2007
U.S.D.C. S.D. N.Y.
CASHIERS

## VERIFIED COMPLAINT

    Plaintiff, BAOTONG SHIPPING LTD., (hereafter referred to as "Plaintiff"), by and through its attorneys, Lennon, Murphy & Lennon, LLC, as and for its Verified Complaint against the Defendant, MODERN WOOD INVESTMENT LTD. ("Defendant"), alleges, upon information and belief, as follows:

    1.    This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure and 28 United States Code § 1333. This claim involves the breach of maritime contract of charter. This matter also arises under the Court's federal question jurisdiction within the meaning of 28 United States § 1331 and the New York Convention on the Recognition and Enforcement of Foreign Arbitral Awards (9 U.S.C. § 201 *et seq.*) and/or the Federal Arbitration Act (9 U.S.C. § 1 *et seq.*).

    2.    At all times material to this action, Plaintiff was, and still is, a foreign corporation, or other business entity, organized under, and existing by virtue of foreign law and was at all material times the owner of the motor vessel "CHUN JIANG" (hereinafter the "Vessel").

3.     Upon information and belief, Defendant was, and still is, a foreign corporation, or other business entity, organized under, and existing by virtue of foreign law and was at all material times the Charterer of the Vessel.

4.     Pursuant to a charter party dated August 18, 2007, as evidenced by a fixture note of the same date, Plaintiff chartered the Vessel to Defendant for a trip from Phu My Port, Vietnam to Yang Pu Port, China for the purpose of carriage of wood chips in bulk. A copy of the fixture note covering the voyage and bill of lading covering the carriage of the cargo are respectively annexed hereto as Exhibits 1 and 2.

5.     Plaintiff delivered the Vessel into the service of the Defendant and fully performed all duties and obligations under the charter party.

6.     A dispute has arisen between the parties regarding Defendant's failure to pay demurrage[1] due and owing.

7.     As a result of Defendant's breach of the charter party due to its failure to pay demurrage, Plaintiff has sustained damages in the total principal amount of $45,000 exclusive of interest, arbitration costs and attorneys fees, as best as may be presented estimated.

8.     Despite due and repeated demand, Defendant has failed to pay the sums due and owing to Plaintiff under the charter party. Attached hereto as Exhibit 3 is a copy of Plaintiff's laytime calculation for payment of outstanding demurrage by Defendant.

9.     Pursuant to the charter party, disputes between the parties are to be submitted to arbitration in Hong Kong with English law to apply. Plaintiff has commenced arbitration of its claim against Defendant by appointment of its arbitrator. See copy of Plaintiff's notice of appointment attached hereto as Exhibit 4.

10.     This action is brought in order to obtain jurisdiction over Defendant and also to obtain security for Plaintiff's claims and in aid of arbitration proceedings.

11.     Interest, costs and attorneys' fees are routinely awarded to the prevailing party within Hong Kong arbitration conducted pursuant to English law. As best as can now be estimated, Plaintiff expects to recover the following amounts at arbitration as the prevailing party:

| | | |
|---|---|---|
| A. | Principal claim – unpaid demurrage | $45,000; |
| B. | Interest on claim - 3 years at 7.5% per annum compounded quarterly | $11,237.24; |
| C. | Estimated arbitration costs: | $15,000; and |
| D. | Estimated attorneys' fees and expenses: | $25,000.00. |
| **Total:** | | **$96,237.24.** |

12.     The Defendant cannot be found within this District within the meaning of Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure, but, upon information and belief, Defendant has, or will have during the pendency of this action, assets within this District and subject to the jurisdiction of this Court, held in the hands of garnishees within the District which are believed to be due and owing to the Defendant.

13.     The Plaintiff seeks an order from this Court directing the Clerk of Court to issue Process of Maritime Attachment and Garnishment pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, attaching, *inter alia*, any assets of the

---

[1] Demurrage is a liquidated damage for delay set forth in the charter party that requires a vessel charterer to pay the vessel owner when the vessel is prevented from the loading or discharging of cargo within the stipulated laytime (i.e., the maximum time permitted in the charter party for cargo operations)

Defendant held by any garnishees within the District for the purpose of obtaining personal jurisdiction over the Defendant and to secure the Plaintiff's claim as described above.

**WHEREFORE,** Plaintiff prays:

A.      That process in due form of law issue against the Defendant, citing it to appear and answer under oath all and singular the matters alleged in the Complaint failing which default judgment be entered against it;

B.      That since the Defendant cannot be found within this District pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, this Court issue an Order directing the Clerk of Court to issue Process of Maritime Attachment and Garnishment pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, attaching all goods, chattels, credits, letters of credit, bills of lading, effects, debts and monies, tangible or intangible, or any other funds up to the amount of $96,237.24 belonging to, due or being transferred to, from, or for the benefit of the Defendant, including but not limited to such property as may be held, received or transferred in Defendant's name or as may be held, received or transferred for its benefit at, moving through, or within the possession, custody or control of banking/financial institutions and/or other institutions or such other garnishees to be named, and that all persons claiming any interest in the same be cited to appear and pursuant to Supplemental Admiralty Rule B answer the matters alleged in the Complaint;

C.      That the Court retain jurisdiction to compel the Defendant to arbitrate in accordance with the United States Arbitration Act, 9 U.S.C. § 1 *et seq.*;

D.      That this Court retain jurisdiction over this matter through the entry of any judgment or award associated with any of the claims currently pending, or which may be initiated in the future, including any appeals thereof;

E.    That this Court recognize and confirm any arbitration award(s) or judgment(s)

rendered on the claims set forth herein as a Judgment of this Court;

F.    That this Court award Plaintiff the attorneys' fees and costs incurred in this

action; and

G.    That the Plaintiff has such other, further and different relief as the Court

may deem just and proper.

Dated:    New York, NY
          December 10, 2007

The Plaintiff,
BAOTONG SHIPPING LTD.

By: _____
    Kevin J. Lennon
    Nancy R. Peterson

LENNON, MURPHY & LENNON, LLC
420 Lexington Avenue, Suite 300
New York, NY 10170
(212) 490-6050 - phone
(212) 490-6070 - facsimile
kjl@lenmur.com
nrp@lenmur.com

## ATTORNEY'S VERIFICATION

State of Connecticut )
County of Fairfield )   ss.:   Town of Southport

1.   My name is Kevin J. Lennon

2.   I am over 18 years of age, of sound mind, capable of making this

Verification, and fully competent to testify to all matters stated herein.

3.   I am a partner in the firm of Lennon, Murphy & Lennon, LLC attorneys for the Plaintiff.

4.   I have read the foregoing Verified Complaint and know the contents

thereof and believe the same to be true and accurate to the best of my knowledge, information and belief.

5.   The reason why this Verification is being made by the deponent and not

by the Plaintiff is that the Plaintiff is a business organization with no officers or directors now within this District.

6.   The source of my knowledge and the grounds for my belief are the

statements made, and the documents and information received from, the Plaintiff and agents and/or representatives of the Plaintiff.

7.   I am authorized to make this Verification on behalf of the Plaintiff.

Dated:   Southport, CT
        December 10, 2007

                                        Kevin J. Lennon

6

# EXHIBIT 1

FM: Wang Danng

Pages 13.

# FIXTURE NOTE

IT IS ON THIS DATE 13TH AUG,2007 MUTUALLY AGREED BETWEEN THE
CHARTER(HEREAFTER CALLED THE "CHRTR") AND THE OWNER
(HEREAFTER CALLED THE "OWR") UNDERSIGNED THIS FIXTURE NOTE
UNDER FOLLOWING TERMS AND CONDITIONS.

**OWR:BAOTONG SHIPPING LIMITED**

**CHRTR: MODERN WOOD INVESTMENT LTD.**

13/F RICHMAKE COMM. BLDG., 198-200 QUEEN'S ROAD CENTRAL H.K

PERFORMING VESSEL:

MV.CHUN JIANG

PAN FLAG ,DWT 17456MT,BUILT 1986, CLASS:CCS

LOA/BM/DEPTH:145.5M/21.0M/13.0M ,

DRFT:10.13M GRT/NRT:11025MT/6792MT,GRAIN22681.15CBM,4HA/4HO

TWEEN DECK,CARGO GEAR:DERRICKS 4 X 15MTS .ADA.WOG

1) CARGO:...ACACIA WOODCHIPS OR EUCALYPTUS WOODCHIPS,.......

2) L/D PORT: ISBP PHU MY PORT,VIETNAM/ISBP YANGPU,CHINA

3) LYCN:20TH-28TH AUG.2007

4) LOAD/DISCH RATE: TTL 6 CALENDAR DAYS SHEX:UU·

5) NOR TO BE TENDERED WHEN VSL ARRIVE AT P/S OF L/D
PORT,LAYTIME TO BE COMMENCED AT 1300LT IF NOR TENDERED
BEFORE AND INCLUDE 1200LT,AND TO BE COMMENCED AT 0600LT
NEXT DAY IF NOR TENDERED AFTER 1200LT.UNLESS SOONER
COMMENCED IUATUTC

6) FRT RATE:LUMPSUM TTL USD138000 FIOST BSS 1/t

7) FRT PAYMENT:100% OF OFT PAYABLE TO OWRS NOMINATED
BANK ACCT W/I THREE(03) BANKING DAYS ACOL, BUT ALWAYS



BSS.B/L TB SR UPON FULL FRT RECEIVED.FRT DEEMED EARNED UPON COMPLETION OF LOADING, DISCOUNT-LESS AND NON-RETURNABLE WHETHER SHIP AND/OR CARGO LOST OR NOT LOST.

8) DEM:USD 9000PDPR.IF ANY AT LOADING PORT TO BE SETTLED BEFORE VSL ARRIVE DISCHARGE PORT,THE SAME AT DISCHARGE PORT TO BE SETTLED W/I TWO(02) BANKING DAYS AFTER COMPLETION OF DISCHARGE.

9) OWRS AGENT AT BENDS.

10) CHRTR GUARANTEE TO COMMENCE LOADING W/I 4 WWDS SHINC UPON NOR TENDERED. IF NOT, CHRTR SHOULD PAY DEMURRAGE TO OWNERS EVERY 4 DAYS IN ADVANCE.

11) SHORE CRANE AT DISCHARGE PORT TBF CHRTRS ACCT .(OWRS ONLY OFFER SHIPP DERRECKS WORKING ON LOADING PORT)

12) WHARFAGES/TAXES/DUES,IF ANY,ON CGO TBF CHRTRS ACCT;SAME ON VSL/FRT TBF OWRS ACCT.

13) L/S/D IF ANY,TBF CHRTRS ACCT.

14) LIGHTERAGE/LIGHTERING IF ANY TBF CHRTRS ACCT

15) ARBITRATION:IN HONGKONG AND ENGLISH LAW TB APPLIED

16) OTHERS AS PER GENCON C/P 94

FOR & ON BEHALF OF OWNERS:       FOR & ON BEHALF OF CHARTERER

OWR:BAO                          CHRTR

TONG SHIPPING LIMITED            MODERN WOOD INVESTMENT LTD:





For and on behalf of
MODERN WOOD INVESTMENT LIMITED
Authorized Signature(s)

# EXHIBIT 2

Page: 1

CODE NAME: "CONG  ENBILL" EDITION 1994

**Shipper**
HUNG THINH EXPORT AGRICULTURAL FOREST
PRODUCTS JOINT STOCK COMPANY
3TH HAMLET, SONG XOAI COMMUNE, TAN THANH
DISTRICT, BA RIA- VUNG TAU PROVINCE, VIETNAM
TEL: 084-64-216487          FAX: 084-64-897188

**BILL OF LADING**   B/L No.: 08/HT-BE
TO BE USED WITH CHARTER-PARTIES
Reference No.:
CARRIER NAME: BAOTONG SHIPPING LIMITED

**Consignee**

TO ORDER OF SHANGHAI COMMERCIAL BANK LTD.
HONG KONG

**Notify address**
MODERN WOOD INVESTMENT LIMITED
13/F RICHMAKE COMMERCIAL BUILDING
198-208 QUEEN' S ROAD C. HONG KONG

**Vessel**
MY CHUN JIANG
**Port of loading**
AT PHU MY STEEL PORT, BA RIA- VUNG TAU
PROVINCE, VIETNAM
**Port of discharge**

YANGPU PORT, HAINAN, P.R. CHINA

---

**Shipper's description of goods**

ACACIA WOODCHIPS FOR PULPING USE
AT USD 93 .50 PER BDMT
VIETNAM ORIGIN FOB VIETNAM PORT
REMARKS : CARGO INCLUDE WATER
N/R FOR QUANTITY SHORTAGE
D/C NO. LCAA89778

**Gross weight**

6,011.92 MTS

DAILOC MARITIME SHIPPING AGENCY HCML

For Agent

ON M/V CHUN JIANG
SHIPPED ON BOARD: AUGUST 26, 2007
AT PHU MY STEEL PORT, BA RIA-VUNG TAU PROVINCE, VIETNAM
THE VESSEL'S AGENT: DAI LOC MARITIME SHIPPING AGENCY HCMC

(of which          on deck at Shipper's risk, the Carrier not
being responsible for loss or damage howsoever arising)

---

Freight payable as per
CHARTER-PARTY dated: 12TH AUG, 2007

"**FREIGHT COLLECT**"

FREIGHT PREPAID.
Received on account of freight.

Time used for loading............days, ...... hours.

SHIPPED    at the Port of Loading in apparent good order and
condition on board the Vessel for carriage to the Port of
Discharge or so near thereto as she may safely get the goods
specified above
Weight, measure, quality, quantity, condition, contents and
value unknown.
IN WITNESS whereof the Master or Agent of the said Vessel has
signed the number of Bills of Lading indicated below all of the tenor
and dated, any one of which being accomplished the others shall be
void.

FOR CONDITIONS OF CARRIAGE SEE OVERLEAF

| Place payable at | Place and date of issue |
|---|---|
|  | PHU MY STEEL PORT, AUGUST 26, 2007 |
| Number of original Bad. | Signature DAI LOC MARITIME SHIPPING AGENCY HCMC |
| THREE ( 03 ) | DAILOC MARITIME SHIPPING AGENCY HCMC |
|  | AS AGENT FOR AND ON BEHALF OF MV CHUN JIANG |
|  | As Agent |

Printed and sold by
Witherby & Company Limited, 32/36 Aylesbury Street
C13  LONDON EC1R 0ET
Tel No. 0171 251 6341   Fax No. 0171 251 1296
By authority of The Baltic and International Maritime Council
(BIMCO) Copenhagen

# EXHIBIT 3

2007-09-06

发件人： btshipping
发送时间： 2007-09-06 10:26:36
收件人： modnwood
抄送： greatsources
主题： DEMURRAGE AND ESTIMATED UNREPAIRED DAMAGE FEES

DEAR SIR,

PLS KINDLY AFFIRM AND REMIT TTL USD59000(INCLUDING DEMURRAGE USD 45000 AND ESTIMATED
UNREPAIRED DAMAGE FEES USD 14000)TO OUR NOMINATED BANK ACCT W/I TWO(02) BANKING
DAYS AFTER COMPLETION OF DISCHARGE.

THE CALCULATION PLS SEE ATTACHMENT.

AND I ALSO HAVE FAX CALCULATION AND STATEMENT OF FACTS IN YANGPU PORT TO YOU,PLS
CHECK IT.

-BENEFICIARY:

BAOTONG SHIPPING LIMITED
-BENE' S A/C NO: OSA202031300074
-BENEFICIARY BANK: XIAMEN INTERNATIONAL BANK
-SWIFT CODE: IBXHCNBA

TKS/RGS

SINVIA
BAOTONG SHIPPING LIMITED

btshipping
2007-09-06

23-OCT-2007  16:06   FROM  WANG JING & CO. XM OFFICE   TO  02156822460   P.08

TO:MODERN WOOD INVESTMENT LIMITED
FM: BAOTONG SHIPPING LIMITED

LAYTIME CALCULATON SHEET AT PHU MY PORT

M.V CHUN JIANG

CGO: 6811.92MT WOOD SHIPS

NOR TENDERED: 1400LT, 20TH, AUG, 2007

LOADG COMMENCED: 1430LT , 22ND ,AUG , 2007

LAYTIME COMMENCED TO COUNT: 0600LT, 21ST , AUG, 2007

LOADG COMPLETED: 1315LT, 26TH ,AUG,2007

LOADING /UNLOADING RATE:   TTL 6 CALENDAR DAYS, SHEX.UU

AFTER CALULATION,THE LOADING RATE IS:

1 SHORE CRANE=1.4 SHIP CRANE

MEAL TIME:0500-0700;1100-1200;1800-1900;2300-2400

| DAY | DATE | FROM | TO | TIME USED | REMARKS |
|---|---|---|---|---|---|
| MON | 20/08/07 | 1400LT | 2400LT | 00HRS | WAITING FOR BERTH |
| TUES | 21/08/07 | 0000LT | 2400LT | 18HRS | WAITG FOR BERTH |
| WED | 22/08/07 | 0000LT | 2400LT | 24HRS | WAITG FOR LOADG AND THEN LOADING |
| THU | 23/08/07 | 0000LT | 2400LT | 24HRS | LOADING |
| FRI | 24/08/07 | 0000LT | 2400LT | 24HRS | LOADING |
| SAT | 25/08/07 | 0000LT | 2400LT | 24HRS | LOADING |
| SUN | 26/08/07 | 0000LT | 1315LT | 24HRS | LOADING AND COMPLETED LOADING |

TTL:                                             138HRS

REMARK: THE TIME LESS FOR VESSEL CRANE'S NOT IN GOOD ORDER ASF:

22/08/07:   1430LT-1600LT     1.5 / 4HRS (lack 1 ship crane)

          1730LT-2400LT     4.5 / 4 HRS(lack 1 ship crane)

23/08/07:   0000LT-0200LT      2 / 4 HRS (lack 1 ship crane)

0200LT-0830LT      4.5 / 4 X 0.6 (lack 0.6 ship crane)

0830LT-2400LT    12.5 /4 X 0.2(lack 0.2 ship crane)

24/08/07:   0000LT-2400LT      19 / 4 X 0.2(lack 0.2 ship crane)

25/08/07:   0000LT-2400LT      19 /4 X 0.2(lack 0.2 ship crane)

TTL: LESS 5.2 HRS

SO THE LAYTIME USED IN PHU MY PORT IS 132.8HRS(138HRS-5.2HRS)


## DEM/DES CALCULATON SHEET AT YANGPU

M.V CHUN JIANG

CGO:6811.92MT ACACIA WOODCHIPS

ARRIVE TIME AT YANGPU: 0345LT, 31rd , AUG, 2007, 2007

NOR TENDERED: 0345LT, 31rd , AUG, 2007

UNLOADG COMMENCED: 2220LT ,31rd ,AUG , 2007

LAYTIME COMMENCED TO COUNT: 1300LT, 31rd ,AUG, 2007

UNLOADG COMPLETED: 1510LT 05TH , SEP, 2007

LOADING/UNLOADING RATE:   TTL 6 CALENDAR DAYS, SHEX.UU

| DAY : DATE : FROM  -  TO : | | TIME USED : | REMARKS |
|---|---|---|---|
| FRI: 31/08/07 : 0345LT - 1300LT | | 00HRS | ARRIVAL AND WAITING FOR UNLOADING |
| | 1300LT - 2400LT | 11HRS | LAYTIME COMMENCE AND UNLOADING ✓ |
| SAT: 01/08/07 : 0000LT - 2400LT | | 24HRS | DEMURRAGING |
| SUN: 02/08/07 : 0000LT - 2400LT | | 24HRS | DEMURRAGING |
| MON: 03/08/07 : 0000LT - 2400LT | | 24HRS | DEMURRAGING |
| TUE: 04/08/07 : 0000LT - 2400LT | | 24HRS | DEMURRAGING |
| WED: 05/08/07 : 0000LT - 1510LT | | 24HRS | DEMURRAGING |
| TTL: | | 131HRS | |

**(132.8HRS ÷ 131HRS) =263.8HRS = 11 DAYS**

**DEM/DES: USD9000.00PDPR/DHD**

**DEM: (11DAYS-6DAYS) x USD9000.00/DAY = USD45000.00**

**REMARK:**

1) PLS KINDLY CLEAR THAT THE RULE OF CALENDAR DAYS IS THAT A PART OF A DAY WAS TO BE TREATED AS A DAY.

   FOR THIS REASON THE USED TIME OF 26/08/07 AND 05/08/07 WERE TREAT AS TWO DAYS.

2) THE RULE OF DEMURRAGE IS "ONCE ON DEMURRAGE ALWAYS ON DEMURRAGE"

   SO ONCE ON DEMURRAGE,ALL THE TIME WILL BE IN DEMURRAGE,CANN'T LESS ANY TIME LOSS BY ANY REASON.

# EXHIBIT 4

# WANG JING & CO. Law Firm

## Shanghai Office

Partners: Wang Jing (Non-resident)
Zhong Cheng
Wang Hongyu

Consultants: Lei Hai (Master Mariner)
Janet Ching (Solicitor England & Wales)

Associates: Chen Xin    Wang Canming
Duan Xiao    Xu Jianfeng
Fei Jun    Xu Jun
Tan Jie    Fan Subai

Rm. 1909-11, 19/F.
China Merchants Tower
161 Lu Jia Zui Dong Road, Pudong
Shanghai 200120, P. R. China

E - mail: shanghai@wjnco.com
Website: www.wjnco.com

Tel:    (86-21) 5887 8000
Fax:    (86-21) 5882 2460
        (86-21) 5887 4150

### FAX TRANSMISSION

To      : **Philip Yang Esq**
Fax No  : 00 852 2545 6079

From    : **Janet Ching**
Fax     : +86 5882 2460
Email   : janetching@wjnco.com
Date    : 30 November 2007          Page(s): 1

## URGENT

### Re: "CHUN JIANG" – Fixture Note dated 18 August 2007

We should be grateful if you would accept appointment as arbitrator on behalf of our clients, Baotong Shipping Ltd who are the Owners of the above named vessel under the Fixture Note dated 18 August 2007 incorporating Gencon 1994 terms. The appointment is in relation to a demurrage dispute arising under a Fixture Note.

The Charterers are Modern Wood Investment Limited of 13/F Richmake Comm. Building, 198-200 Queen's Road, Central, Hong Kong.

Clause 15 of the Fixture Note provides *"ARBITRATION: IN HONG KONG AND ENGLISH LAW TB APPLIED"*. Please let us know if you would like a copy of the Fixture Note at this stage.

We look forward to receiving your confirmation as soon as possible.

Kind regards,

**Janet Ching**
WANG JING & CO, SHANGHAI

| GZ Head Office | Tianjin | Qingdao | Xiamen | Fuzhou | Haikou |
|---|---|---|---|---|---|
| Tel:20-87600082 | Tel: 22-25323818 | Tel:532-86665858 | Tel:592-2681379 | Tel: 591-87812260 | Tel:898-66722583 |
| Fax:20-87784482 | Fax:22-25323820 | Fax:532-86665868 | Fax:592-2681380 | Fax: 591-87812210 | Fax:898-66720770 |

FROM : 0000                    PHONE NO. :                    Nov. 30 2007 04:07PM P1

# PHILIP YANG 杨良宜

FCIArb.    ACII    FICS    Master Mariner

PHILIP YANG & CO., LTD.

TO    : Wang Jing & Co. Law Firm          FACSIMILE TRANSMISSION
ATTN : Ms. Janet Ching                    FACSIMILE: (852) 2545 6079
DATE : 30 November 2007                   TOTAL:   1    PAGE(S)
RE    : M.V.    "CHUN    JIANG"    ‑     F/N TELEPHONE:(852) 2544 1909
          dd.18.08.2007

---

Dear Sirs,

Thank you for your fax a while ago appointing me as your client Owners'
arbitrator.    I confirm that it is my pleasure to accept the appointment.

I have no particular terms of appointment, except I reserve my right to call for
deposit of my fees.    My current hourly rate is at HK$ 4,500-5,000.    On top, I
charge an appointment fee of HK$2,500.    Please accept this fax as the invoice
of my appointment fee and remit (net of bank charges) to the following bank
account:

    Hang Seng Bank Ltd.,
    Sheung Wan Branch,
    G/F & M/F, Shum Tower,
    264-270, Des Voeux Road, Central,
    Sheung Wan,
    Hong Kong.
    A/C Name: Philip Yang & Co. Ltd.,
    A/C No. 239-039878-001

I look forward to hearing further from you in this reference. There is no need to
send me the Fixture Note at this juncture as I have been told of the arbitration
agreement. It can be sent to me together with other documents.

Best regards,

Philip Yang