UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

BAOTONG SHIPPING LTD.,                            :
                                                  :        07 Civ 11125 (LTS) (THK)
                              Plaintiff,           :
                                                  :        **ECF CASE**
        - against -                               :
                                                  :
MODERN WOOD INVESTMENT LTD.,                       :
                                                  :
                              Defendant.          :
------------------------------------------------------------X

## AFFIDAVIT OF SERVICE

State of Connecticut  )
                      )        ss:        Town of Southport
County of Fairfield   )

        KEVIN J. LENNON, having been duly sworn, deposes and states the following

under oath:

        1.        I am a member in good standing of the Bar of this Court and an attorney in

the law firm of Lennon, Murphy & Lennon, LLC, which represents the interests of the

Plaintiff herein.

        2.        Notice of the Plaintiff's maritime attachment, including a copy of the

Plaintiff's Verified Complaint and all other pleadings entered in this matter, was provided

to the Defendant on or about December 27, 2007 in conformity with Local Admiralty

Rule B.2. *See Exhibit 1 attached.*

        3.        Notice of the Initial Conference Order setting this matter down for a pre-

trial conference on March 8, 2008 at 3:00 p.m. was also provided to the Defendant on or

about December 27, 2007. *See Exhibit 1 attached.*

Dated: Southport, CT
    January 14, 2008

Kevin J. Lennon

Sworn to and subscribed before me this
14th day of January 2008.

Commissioner of Superior Court

# EXHIBIT 1

✓1305

# LENNON, MURPHY & LENNON, LLC – *Attorneys at Law*

The GrayBar Building
420 Lexington Ave., Suite 300
New York, NY 10170
*phone* (212) 490-6050
*fax* (212) 490-6070

Patrick F. Lennon - *pfl@lenmur.com*
Charles E. Murphy – *cem@lenmur.com*
Kevin J. Lennon – *kjl@lenmur.com*
Nancy R. Peterson - *nrp@lenmur.com*

Tide Mill Landing
2425 Post Road
Southport, CT 06890
*phone* (203) 256-8600
*fax* (203) 256-8615

December 27, 2007

*Via DHL*
*Via Facsimile: 011 852 2545 3997*
<u>*Via E-Mail: modnwood@netvigator.com*</u>
Modern Wood Investment Ltd.
13/F, Richmake Comm. Bldg.
198-200 Queen's Road Central
Hong Kong

> **Re:** *Baotong Shipping Ltd. v. Modern Wood Investment Ltd.*
> **Docket No: 07 Civ. 11125 (LTS)**
> **United States District Court, Southern District of New York**
> **LML ref: 07-1305**

Dear Sir or Madam:

We represent the Plaintiff, Baotong Shipping Ltd., in the above referenced lawsuit. We write to advise you that pursuant to an ex parte order of maritime attachment and garnishment issued in the above referenced lawsuit, your property was attached at J.P. Morgan Chase on or about December 21, 2007 at in amount of $96,237.24.

Please find attached to this letter the following pleadings filed in the above referenced lawsuit including, the Complaint, Affidavit in Support, Rule 7.1 Statement, Ex-Parte Order, Process of Attachment, Initial Conference Order and also the Individual Rules for Honorable Judge Laura Taylor Swain.

Should you have any questions or concerns, please contact us at your convenience.

This letter is sent pursuant to Local Rule B.2 of the Local Rules for the United States District Court for the Southern District of New York.

Very truly yours,

Kevin J. Lennon

KJL/bhs
Encl.

JUDGE SWAIN

07-CV 11125

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

--------------------------------------------------X

BAOTONG SHIPPING LTD.,

               Plaintiff,

  - against -

MODERN WOOD INVESTMENT LTD.,

               Defendant.

--------------------------------------------------X

07 CV _____

ECF CASE

RECEIVED

DEC 10 2007

U.S.D.C. S.D.N.Y.
CASHIERS

## DISCLOSURE OF INTERESTED PARTIES
## PURSUANT TO FEDERAL RULE 7.1

Pursuant to Rule 7.1 of the Federal Rules of Civil Procedure to enable judges and

magistrates of the court to evaluate possible disqualification or recusal, the undersigned attorney

of record for the Plaintiff certifies that the following are corporate parents, subsidiaries, or

affiliates of the Plaintiff:

                   NONE.

Dated: December 10, 2007
      New York, NY

                     The Plaintiff,
                     BAOTONG SHIPPING LTD.

                     By: _____
                     Kevin J. Lennon
                     Nancy R. Peterson
                     LENNON, MURPHY & LENNON, LLC
                     The Gray Bar Building
                     420 Lexington Avenue, Suite 300
                     New York, NY 10170
                     (212) 490-6050 - phone
                     (212) 490-6070 - fax
                     kjl@lenmur.com
                     nrp@lenmur.com

07 CV 11125

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

--------------------------------------------------------------------X

BAOTONG SHIPPING LTD.,

              Plaintiff,

   - against -

MODERN WOOD INVESTMENT LTD.,

              Defendant.

--------------------------------------------------------------------X

07 CV ____

DEC 1 0 2007

U.S.D.C. S.D. N.Y.
CASHIERS

## VERIFIED COMPLAINT

Plaintiff, BAOTONG SHIPPING LTD., (hereafter referred to as "Plaintiff"), by and through its attorneys, Lennon, Murphy & Lennon, LLC, as and for its Verified Complaint against the Defendant, MODERN WOOD INVESTMENT LTD. ("Defendant"), alleges, upon information and belief, as follows:

1.     This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure and 28 United States Code § 1333. This claim involves the breach of maritime contract of charter. This matter also arises under the Court's federal question jurisdiction within the meaning of 28 United States § 1331 and the New York Convention on the Recognition and Enforcement of Foreign Arbitral Awards (9 U.S.C. § 201 *et seq.*) and/or the Federal Arbitration Act (9 U.S.C. § 1 *et seq.*).

2.     At all times material to this action, Plaintiff was, and still is, a foreign corporation, or other business entity, organized under, and existing by virtue of foreign law and was at all material times the owner of the motor vessel "CHUN JIANG" (hereinafter the "Vessel").

3.    Upon information and belief, Defendant was, and still is, a foreign corporation, or other business entity, organized under, and existing by virtue of foreign law and was at all material times the Charterer of the Vessel.

4.    Pursuant to a charter party dated August 18, 2007, as evidenced by a fixture note of the same date, Plaintiff chartered the Vessel to Defendant for a trip from Phu My Port, Vietnam to Yang Pu Port, China for the purpose of carriage of wood chips in bulk. A copy of the fixture note covering the voyage and bill of lading covering the carriage of the cargo are respectively annexed hereto as Exhibits 1 and 2.

5.    Plaintiff delivered the Vessel into the service of the Defendant and fully performed all duties and obligations under the charter party.

6.    A dispute has arisen between the parties regarding Defendant's failure to pay demurrage[1] due and owing.

7.    As a result of Defendant's breach of the charter party due to its failure to pay demurrage, Plaintiff has sustained damages in the total principal amount of $45,000 exclusive of interest, arbitration costs and attorneys fees, as best as may be presented estimated.

8.    Despite due and repeated demand, Defendant has failed to pay the sums due and owing to Plaintiff under the charter party. Attached hereto as Exhibit 3 is a copy of Plaintiff's laytime calculation for payment of outstanding demurrage by Defendant.

9.    Pursuant to the charter party, disputes between the parties are to be submitted to arbitration in Hong Kong with English law to apply. Plaintiff has commenced arbitration of its claim against Defendant by appointment of its arbitrator. See copy of Plaintiff's notice of appointment attached hereto as Exhibit 4.

2

10.    This action is brought in order to obtain jurisdiction over Defendant and also to obtain security for Plaintiff's claims and in aid of arbitration proceedings.

11.    Interest, costs and attorneys' fees are routinely awarded to the prevailing party within Hong Kong arbitration conducted pursuant to English law. As best as can now be estimated, Plaintiff expects to recover the following amounts at arbitration as the prevailing party:

| | | |
|---|---|---|
| A. | Principal claim – unpaid demurrage | $45,000; |
| B. | Interest on claim - 3 years at 7.5% per annum compounded quarterly | $11,237.24; |
| C. | Estimated arbitration costs: | $15,000; and |
| D. | Estimated attorneys' fees and expenses: | $25,000.00. |
| **Total:** | | **$96,237.24.** |

12.    The Defendant cannot be found within this District within the meaning of Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure, but, upon information and belief, Defendant has, or will have during the pendency of this action, assets within this District and subject to the jurisdiction of this Court, held in the hands of garnishees within the District which are believed to be due and owing to the Defendant.

13.    The Plaintiff seeks an order from this Court directing the Clerk of Court to issue Process of Maritime Attachment and Garnishment pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, attaching, *inter alia*, any assets of the

---

[1] Demurrage is a liquidated damage for delay set forth in the charter party that requires a vessel charterer to pay the vessel owner when the vessel is prevented from the loading or discharging of cargo within the stipulated laytime (i.e., the maximum time permitted in the charter party for cargo operations)

3

Defendant held by any garnishees within the District for the purpose of obtaining personal jurisdiction over the Defendant and to secure the Plaintiff's claim as described above.

**WHEREFORE**, Plaintiff prays:

A. That process in due form of law issue against the Defendant, citing it to appear and answer under oath all and singular the matters alleged in the Complaint failing which default judgment be entered against it;

B. That since the Defendant cannot be found within this District pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, this Court issue an Order directing the Clerk of Court to issue Process of Maritime Attachment and Garnishment pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, attaching all goods, chattels, credits, letters of credit, bills of lading, effects, debts and monies, tangible or intangible, or any other funds up to the amount of \$96,237.24 belonging to, due or being transferred to, from, or for the benefit of the Defendant, including but not limited to such property as may be held, received or transferred in Defendant's name or as may be held, received or transferred for its benefit at, moving through, or within the possession, custody or control of banking/financial institutions and/or other institutions or such other garnishees to be named, and that all persons claiming any interest in the same be cited to appear and pursuant to Supplemental Admiralty Rule B answer the matters alleged in the Complaint;

C. That the Court retain jurisdiction to compel the Defendant to arbitrate in accordance with the United States Arbitration Act, 9 U.S.C. § 1 *et seq.*;

D. That this Court retain jurisdiction over this matter through the entry of any judgment or award associated with any of the claims currently pending, or which may be initiated in the future, including any appeals thereof;

4

E.     That this Court recognize and confirm any arbitration award(s) or judgment(s)

rendered on the claims set forth herein as a Judgment of this Court;

F.     That this Court award Plaintiff the attorneys' fees and costs incurred in this

action; and

G.     That the Plaintiff has such other, further and different relief as the Court

may deem just and proper.

Dated:     New York, NY
           December 10, 2007

The Plaintiff,
BAOTONG SHIPPING LTD.

By: _____

Kevin J. Lennon
Nancy R. Peterson

LENNON, MURPHY & LENNON, LLC
420 Lexington Avenue, Suite 300
New York, NY 10170
(212) 490-6050 - phone
(212) 490-6070 - facsimile
kjl@lenmur.com
nrp@lenmur.com

5

## ATTORNEY'S VERIFICATION

State of Connecticut )
                     )    ss.:    Town of Southport
County of Fairfield  )

1.    My name is Kevin J. Lennon

2.    I am over 18 years of age, of sound mind, capable of making this

Verification, and fully competent to testify to all matters stated herein.

3.    I am a partner in the firm of Lennon, Murphy & Lennon, LLC attorneys for the

Plaintiff.

4.    I have read the foregoing Verified Complaint and know the contents

thereof and believe the same to be true and accurate to the best of my knowledge, information

and belief.

5.    The reason why this Verification is being made by the deponent and not

by the Plaintiff is that the Plaintiff is a business organization with no officers or directors now

within this District.

6.    The source of my knowledge and the grounds for my belief are the

statements made, and the documents and information received from, the Plaintiff and agents

and/or representatives of the Plaintiff.

7.    I am authorized to make this Verification on behalf of the Plaintiff.

Dated:    Southport, CT
          December 10, 2007

                                              Kevin J. Lennon

6.

# EXHIBIT 1

23-OCT-2007 16:04 FROM WANG JING & CO. XM OFFICE TO C 8922460 P.01

FM: Wang Darong

Pages 13.

# FIXTURE NOTE

IT IS ON THIS DATE 18TH AUG,2007 MUTUALLY AGREED BETWEEN THE CHARTER(HEREAFTER CALLED THE "CHRTR") AND THE OWNER (HEREAFTER CALLED THE "OWR") UNDERSIGNED THIS FIXTURE NOTE UNDER FOLLOWING TERMS AND CONDITIONS.

**OWR:BAOTONG SHIPPING LIMITED**

**CHRTR: MODERN WOOD INVESTMENT LTD.**

13/F RICHMAKE COMM. BLDG., 158-200 QUEEN'S ROAD CENTRAL H.K

PERFORMING VESSEL:

MV.CHUN JIANG

PAN FLAG ,DWT 17456MT,BUILT 1986, CLASS:CCS

LOA/BM/DEPTH:145.5M/21.0M/13.0M ,

DRFT:10.13M GRT/NRT:11025MT/6792MT,GRAIN22581.13CBM,4HA/4HO

TWEEN DECK,CARGO GEAR:DERRICKS 4 X 15MTS .ADA.WOG



1)　　CARGO:...ACACIA WOODCHIPS OR EUCALYPTUS WOODCHIPS.........

2)　　L/D PORT: 1SBP PHU MY PORT,VIETNAM/1SBP YANGPU,CHINA

3)　　LYCN:20TH-28TH AUG.2007

4)　　LOAD/DISCH RATE: TTL 6 CALENDAR DAYS SHEX(UU)

5)　　NOR TO BE TENDERED WHEN VSL ARRIVE AT P/S OF L/D PORT,LAYTIME TO BE COMMENCED AT 1300LT IF NOR TENDERED BEFORE AND INCLUDE 1200LT,AND TO BE COMMENCED AT 0600LT NEXT DAY IF NOR TENDERED AFTER 1200LT.UNLESS SOONER COMMENCED IUATUTC



6)　　FRT RATE:LUMPSUM TTL USD138000 HOST BSS 1/1

7)　　FRT PAYMENT:100% OF OFT PAYABLE TO OWRS NOMINATED BANK ACCT W/I THREE(03) BANKING DAYS ACOL, BUT ALWAYS

P.1

23-OCT-2007  15:04  FROM  MING JING B CO. XM OFFICE    TO  02  822460    P.02

BBB.B/L TB S/X UPON FULL FRT RECEIVED,FRT DEEMED EARNED
UPON COMPLETION OF LOADING, DISCOUNT-LESS AND
NON-RETURNABLE WHETHER SHIP AND/OR CARGO LOST OR NOT
LOST.

8)   DEM:USD 9000/PDPR.IF ANY AT LOADING PORT TO BE SETTLED
BEFORE VSL ARRIVE DISCHARGE PORT,THE SAME AT DISCHARGE
PORT TO BE SETTLED WI TWO(02) BANKING DAYS AFTER
COMPLETION OF DISCHARGE.

9)   OWRS AGENT AT BENDS.

10)  CHRTR GUARANTEE TO COMMENCE LOADING WI 4 WWDS SHINC
UPON NOR TENDERED. IF NOT, CHRTR SHOULD PAY
DEMURRAGE TO OWNERS EVERY 4 DAYS IN ADVANCE.

11)  SHORE CRANE AT DISCHARGE PORT TBF CHRTRS ACCT .(OWRS
ONLY OFFER SHIPP DERRECKS WORKING ON LOADING PORT)

12)  WHARFAGES/TAXES/DUES,IF ANY,ON CGO TBF CHRTRS
ACCT;SAME ON VSL/FRT TBF OWRS ACCT.

13)  L/E/D IF ANY,TBF CHRTRS ACCT.

14)  LIGHTERAGE/LIGHTERING IF ANY TBF CHRTRS ACCT

15)  ARBITRATION:IN HONGKONG AND ENGLISH LAW TB APPLIED.

16)  OTHERS AS PER GENCON C/P 94

FOR & ON BEHALF OF OWNERS:      FOR & ON BEHALF OF CHARTERER

OWR:BAO                         CHRTR

TONG SHIPPING LIMITED           MODERN WOOD INVESTMENT LTD:

For and on behalf of
宏通船務有限公司
MODERN WOOD INVESTMENT LIMITED

Authorized Signature(s)

18th:Aug.2007

F.2

OCT-23-2007 01:55 FROM:

# EXHIBIT 2

Page. 1

CODE NAME: "CONG   ENBILL" EDITION 1994

**Shipper**
HUNG THINH EXPORT AGRICULTURAL FOREST
PRODUCTS JOINT STOCK COMPANY
5TH HAMLET, SONG XOAI COMMUNE, TAN THANH
DISTRICT, BA RIA-VUNG TAU PROVINCE, VIETNAM
TEL: 084-64-216437     FAX: 084-64-897188

**BILL OF LADING**    B/L No.: 08/HT-BL
TO BE USED WITH CHARTER-PARTIES
Reference No.
CARRIER NAME: BAOTONG SHIPPING LIMITED

**Consignee**
TO ORDER OF SHANGHAI COMMERCIAL BANK LTD.
HONG KONG

**Notify address**
MODERN WOOD INVESTMENT LIMITED
13/F RICHMAKE COMMERCIAL BUILDING
198-200 QUEEN' S ROAD C. HONG KONG

**Vessel**
MY CHUN JIANG
**Port of loading**
AT PHU MY STEEL PORT, BA RIA- VUNG TAU
PROVINCE, VIETNAM
**Port of discharge**
YANGPU PORT, HAINAN, P.R. CHINA

**Shipper's description of goods**

ACACIA WOODCHIPS FOR PULPING USE
AT USD 95.50 PER BDMT
VIETNAM ORIGIN FOB VIETNAM PORT
REMARKS : CARGO INCLUDE WATER
N/R FOR QUANTITY SHORTAGE
D/C NO. LCAAB9778

Gross weight

6,811.92 MTS

DAILOC MARITIME SHIPPING AGENCY HCML

As Agent

ON M/V CHUN JIANG
SHIPPED ON BOARD: AUGUST 26, 2007
AT PHU MY STEEL PORT, BA RIA-VUNG TAU PROVINCE, VIETNAM
THE VESSEL'S AGENT: DAI LOC MARITIME SHIPPING AGENCY HCMC

(of which           on deck at Shipper's risk; the Carrier not
being responsible for loss or damage howsoever arising)

Freight payable as per
CHARTER-PARTY dated: 10TH AUG, 2307

**"FREIGHT COLLECT"**

FREIGHT PREPAID.
Received on account of freight:

Time used for loading ........... days ........ hours.

SHIPPED    at the Port of Loading in apparent good order and
condition on board the Vessel for carriage to the Port of
Discharge or so near thereto as she may safely get the goods
specified above
Weight, measure, quality, quantity, condition, contents and
value unknown,
IN WITNESS whereof the Master or Agent of the said Vessel has
signed the number of Bills of Lading indicated below all of this tenor
and dated, any one of which being accomplished the others shall be
void,

FOR CONDITIONS OF CARRIAGE SEE OVERLEAF

| Place payable at | Place and date of issue |
| --- | --- |
|  | PHU MY STEEL PORT, AUGUST 26, 2007 |
| Number of original B/L | Signature DAI LOC MARITIME SHIPPING AGENCY HCMC |
| THREE ( 03 ) | DAILOC MARITIME SHIPPING AGENCY HCMC |
|  | AS AGENT FOR AND ON BEHALF OF M/V CHUN JIANG |
|  | As Agent |

Printed and sold by
Witherby & Company Limited, 32/36 Aylesbury Street
C13  LONDON EC1R 0ET
Tel. No. 0171 251 5341   Fax No. 0171 251 1296
By authority of The Baltic and International Maritime Council
(BIMCO) Copenhagen.

# EXHIBIT 3

2007-09-06

发件人： btshipping
发送时间： 2007-09-06 10:26:36
收件人： modnwood
抄送： greatsources
主题： DEMURRAGE AND ESTIMATED UNREPAIRED DAMAGE FEES

DEAR SIR,

PLS KINDLY AFFIRM AND REMIT TTL USD59000(INCLUDING DEMURRAGE USD 45000 AND ESTIMATED
UNREPAIRED DAMAGE FEES USD 14000)TO OUR NOMINATED BANK ACCT W/I TWO(02) BANKING
DAYS AFTER COMPLETION OF DISCHARGE.

THE CALCULATION PLS SEE ATTACHMENT.

AND I ALSO HAVE FAX CALCULATION AND STATEMENT OF FACTS IN YANGPU PORT TO YOU,PLS
CHECK IT.

-BENEFICIARY:

BAOTONG SHIPPING LIMITED

-BENE' S A/C NO: OSA202031000074
-BENEFICIARY BANK: XIAMEN INTERNATIONAL BANK
-SWIFT CODE: IBXHCNBA

TKS/RGS

SINVIA
BAOTONG SHIPPING LIMITED

btshipping
2007-09-06

2007-11-7

TO:MODERN WOOD INVESTMENT LIMITED
FM: BAOTONG SHIPPING LIMITED

## LAYTIME CALCULATON SHEET AT PHU MY PORT

M.V CHUN JIANG

CGO: 6811.92MT WOOD SHIPS

NOR TENDERED: 1400LT, 20TH, AUG, 2007

LOADG COMMENCED: 1430LT, 22ND ,AUG, 2007

LAYTIME COMMENCED TO COUNT: 0600LT, 21ST, AUG, 2007

LOADG COMPLETED: 1315LT, 26TH ,AUG,2007

LOADING /UNLOADING RATE:   TTL 6 CALENDAR DAYS, SHEX.UU

AFTER CALULATION,THE LOADING RATE IS:

1 SHORE CRANE=1.4 SHIP CRANE

MEAL TIME:0500-0700;1100-1200;1800-1900;2300-2400

| DAY: DATE | FROM | TO | TIME USED: | REMARKS |
|---|---|---|---|---|
| MON: 20/08/07 : | 1400LT | - 2400LT | 00HRS | WAITING FOR BERTH |
| TUES: 21/08/07 : | 0600LT | - 2400LT | 18HRS | WAITG FOR BERTH |
| WED: 22/08/07 : | 0000LT | - 2400LT | 24HRS | WAITG FOR LOADG AND THEN LOADING |
| THU: 23/08/07 : | 0000LT | - 2400LT | 24HRS | LOADING |
| FRI: 24/08/07 : | 0000LT | - 2400LT | 24HRS | LOADING |
| SAT: 25/08/07 : | 0000LT | - 2400LT | 24HRS | LOADING |
| SUN: 26/08/07 : | 0000LT | - 1315LT | 24HRS | LOADING AND COMPLETED LOADING |

TTL:                                    138HRS

REMARK: THE TIME LESS FOR VESSEL CRANE'S NOT IN GOOD ORDER ASF:

22/08/07:   1430LT-1600LT      1.5 / 4HRS (lack 1 ship crane)

17730LT-2400LT     4.5 / 4 HRS(lack 1 ship crane)

23-OCT-2007  15:06  FROM  W    JING 0 CO. XM OFFICE        TO  021    22460        P.09

23/08/07:  0000LT-0200LT    2 / 4 HRS (lack 1 ship crane)

0200LT-0830LT    4.5 / 4 X 0.6 (lack 0.6 ship crane)

0830LT-2400LT    12.5 / 4 X 0.2(lack 0.2 ship crane)

24/08/07:  0000LT-2400LT    19 / 4 X 0.2(lack 0.2 ship crane)

25/08/07:  0000LT-2400LT    19 / 4 X 0.2(lack 0.2 ship crane)

TTL: LESS 5.2 HRS

SO THE LAYTIME USED IN PHU MY PORT IS 132.8HRS(138HRS-5.2HRS)


## DEM/DES CALCULATON SHEET AT YANGPU

# M.V CHUN JIANG

# CGO:6811.92MT ACACIA WOODCHIPS

# ARRIVE TIME AT YANGPU: 0345LT, 31rd , AUG, 2007, 2007

# NOR TENDERED: 0345LT, 31rd , AUG, 2007

# UNLOADG COMMENCED: 2220LT ,31rd ,AUG , 2007

# LAYTIME COMMENCED TO COUNT: 1300LT, 31rd ,AUG, 2007

# UNLOADG COMPLETED: 1510LT 05TH , SEP, 2007

# LOADING/UNLOADING RATE:   TTL 6 CALENDAR DAYS, SHEX.UU

| DAY : DATE | FROM | TO | TIME USED | REMARKS |
|---|---|---|---|---|
| FRI: 31/08/07 : | 0345LT - | 1300LT | 00HRS | ARRIVAL AND WAITING FOR UNLOADING |
|  | 1300LT - | 2400LT | 11HRS | LAYTIME COMMENCE AND UNLOADING ✓ |
| SAT: 01/08/07 : | 0000LT - | 2400LT | 24HRS | DEMURRAGING |
| SUN: 02/08/07 : | 0000LT - | 2400LT | 24HRS | DEMURRAGING |
| MON: 03/08/07 : | 0000LT - | 2400LT | 24HRS | DEMURRAGING |
| TUE: 04/08/07 : | 0000LT - | 2400LT | 24HRS | DEMURRAGING |
| WED: 05/08/07 : | 0000LT - | 1510LT | 24HRS | DEMURRAGING |
| TTL: |  |  | 131HRS |  |

OCT-23-2007 01:57 From:

(132.8HRS + 131HRS) =263.8HRS = 11 DAYS

DEM/DES: USD9000.00PDPR/DHD

DEM: (11DAYS-6DAYS) x USD9000.00/DAY = USD45000.00

REMARK:

1) PLS KINDLY CLEAR THAT THE RULE OF CALENDAR DAYS IS THAT A PART OF A DAY WAS TO BE TREATED AS A DAY.

   FOR THIS REASON THE USED TIME OF 26/08/07 AND 05/08/07 WERE TREAT AS TWO DAYS.

2) THE RULE OF DEMURRAGE IS "ONCE ON DEMURRAGE ALWAYS ON DEMURRAGE"

   SO ONCE ON DEMURRAGE,ALL THE TIME WILL BE IN DEMURRAGE,CANN'T LESS ANY TIME LOSS BY ANY REASON.

# EXHIBIT 4

# WANG JING & CO. Law Firm

## Shanghai Office

| | |
|---|---|
| Partners: | Wang Jing (Non-resident.)<br>Zhong Cheng<br>Wang Hongyu |
| Consultants: | Lei Hai (Master Mariner)<br>Janet Ching (Solicitor England & Wales) |
| Associates: | Chen Xin      Wang Canming<br>Duan Xiao      Xu Jianfeng<br>Fei Jun      Xu Jun<br>Tan Jie      Fan Subai |

Rm. 1909-11, 19/F.
China Merchants Tower
161 Lu Jia Zui Dong Road, Pudong
Shanghai 200120, P. R. China

E - mail: shanghai@wjnco.com
Website: www.wjnco.com

Tel:    (86-21) 5887 8000
Fax:    (86-21) 5882 2460
        (86-21) 5887 4150

### FAX TRANSMISSION

To      :   Philip Yang Esq
Fax No  :   00 852 2545 6079

From    :   Janet Ching
Fax     :   +86 5882 2460
Email   :   janetching@wjnco.com
Date    :   30 November 2007                    Page(s): 1

## URGENT

### Re: "CHUN JIANG" – Fixture Note dated 18 August 2007

We should be grateful if you would accept appointment as arbitrator on behalf of our clients, Baotong Shipping Ltd who are the Owners of the above named vessel under the Fixture Note dated 18 August 2007 incorporating Gencon 1994 terms. The appointment is in relation to a demurrage dispute arising under a Fixture Note.

The Charterers are Modern Wood Investment Limited of 13/F Richmake Comm. Building, 198-200 Queen's Road, Central, Hong Kong.

Clause 15 of the Fixture Note provides *"ARBITRATION: IN HONG KONG AND ENGLISH LAW TB APPLIED"*. Please let us know if you would like a copy of the Fixture Note at this stage.

We look forward to receiving your confirmation as soon as possible.

Kind regards,

**Janet Ching**

WANG JING & CO, SHANGHAI

| GZ Head Office | Tianjin | Qingdao | Xiamen | Fuzhou | Haikou |
|---|---|---|---|---|---|
| Tel:20-87600082 | Tel: 22-25323818 | Tel:532-86665858 | Tel:592-2681379 | Tel: 591-87812260 | Tel:898-66722583 |
| Fax:20-87784482 | Fax:22-25323820 | Fax:532-86665868 | Fax:592-2681380 | Fax: 591-87812210 | Fax:898-66720770 |

FROM : 2000    PHONE NO. :    Nov. 30 2007 04:07PM P1





# PHILIP YANG 杨良宜

FCIArb.  ACII  FICS  Master Mariner

PHILIP YANG & CO., LTD.

TO    : Wang Jing & Co. Law Firm    FACSIMILE TRANSMISSION
ATTN : Ms. Janet Ching    FACSIMILE: (852) 2545 6079
DATE : 30 November 2007    TOTAL:  1    PAGE(S)
RE    : M.V.  "CHUN    JIANG"  →  F/N TELEPHONE: (852) 2544 1909
        dd.18.08.2007

Dear Sirs,

Thank you for your fax a while ago appointing me as your client Owners' arbitrator.  I confirm that it is my pleasure to accept the appointment.

I have no particular terms of appointment, except I reserve my right to call for deposit of my fees.  My current hourly rate is at HK$ 4,500-5,000.  On top, I charge an appointment fee of HK$2,500.  Please accept this fax as the invoice of my appointment fee and remit (net of bank charges) to the following bank account:

Hang Seng Bank Ltd.,
Sheung Wan Branch,
G/F & M/F, Shum Tower,
264-270, Des Voeux Road, Central,
Sheung Wan,
Hong Kong.
A/C Name: Philip Yang & Co. Ltd.,
A/C No. 239-039878-001

I look forward to hearing further from you in this reference. There is no need to send me the Fixture Note at this juncture as I have been told of the arbitration agreement. It can be sent to me together with other documents.

Best regards,

Philip Yang

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
BAOTONG SHIPPING LTD.,

              Plaintiff,

  - against -

MODERN WOOD INVESTMENT LTD.,

              Defendant.
-----------------------------------------------------------------X

07 CV __11125__ (LTS)

ECF CASE

## AFFIDAVIT IN SUPPORT OF PRAYER FOR MARITIME ATTACHMENT

State of Connecticut )
               )   ss: Town of Southport
County of Fairfield )

     Kevin J. Lennon, being duly sworn, deposes and says:

    1.    I am a member of the Bar of this Court and represent the Plaintiff herein. I am

familiar with the facts of this case and make this Affidavit in support of Plaintiff's prayer for the

issuance of a Writ of Maritime Attachment and Garnishment, pursuant to Rule B of the

Supplemental Admiralty Rules of the Federal Rules of Civil Procedure.

### DEFENDANT IS NOT PRESENT IN THE DISTRICT

    2.    I have attempted to locate the Defendant, MODERN WOOD INVESTMENT

LTD. within this District. As part of my investigation to locate the Defendant within this

District, I checked the telephone company information directory, as well as the white and yellow

pages for New York listed on the Internet or World Wide Web, and did not find any listing for

the Defendant. Finally, I checked the New York State Department of Corporations' online

database which showed no listings or registration for the Defendant. I also checked the Court's

Electronic Case Filing System and did not find any pending matters involving the Defendant in which the Defendant had entered an appearance.

3.     I submit based on the foregoing that the Defendant cannot be found within this District within the meaning of Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims.

4.     Upon information and belief, the Defendant has, or will have during the pendency of this action, tangible and intangible property within this District and subject to the jurisdiction of this Court, held in the hands of in the hands of garnishees within this District, which are believed to be due and owing to the Defendant.

5.     This is Plaintiff's first request for this relief made to any Court.

## PRAYER FOR RELIEF FOR ORDER ALLOWING SPECIAL PROCESS SERVER

6.     Plaintiff seeks an Order pursuant to Rule 4(c) of the Federal Rules of Civil Procedure, for an Order appointing Patrick F. Lennon, Kevin J. Lennon, Charles E. Murphy, Nancy Peterson or any other partner, associate, paralegal or agent of Lennon, Murphy & Lennon, LLC, or any process server employed by Gotham Process Servers, in addition to the United States Marshal, to serve the Ex Parte Order and Process of Maritime Attachment and Garnishment, together with any interrogatories, upon the garnishee(s), together with any other garnishee(s) who (based upon information developed subsequent hereto by the Plaintiff) may hold assets of, for or on account of, the Defendants.

7.     Plaintiff seeks to serve the prayed for Process of Maritime Attachment and Garnishment with all deliberate speed so that it may be fully protected against the potential of being unable to satisfy a judgment/award ultimately obtained by Plaintiff and entered against the Defendants.

-2-



8.    To the extent that this application for an Order appointing a special process server with respect to this attachment and garnishment does not involve a restraint of physical property, there is no need to require that the service be effected by the Marshal as it involves simple delivery of the Process of Maritime Attachment and Garnishment to the various garnishees to be identified in the writ.

## PRAYER FOR RELIEF TO SERVE LATER IDENTIFIED GARNISHEES

9.    Plaintiff also respectfully requests that the Court grant it leave to serve any additional garnishee(s) who may, upon information and belief obtained in the course of this litigation, to be holding, or believed to be holding, property of the Defendants, within this District. Obtaining leave of Court at this time to serve any later identified garnishees will allow for prompt service of the Process of Maritime Attachment and Garnishment without the need to present to the Court amended Process seeking simply to identify other garnishee(s).

## PRAYER FOR RELIEF TO DEEM SERVICE CONTINUOUS

10.    Further, in order to avoid the need to repetitively serve the garnishees/banks, Plaintiff respectfully seeks further leave of the Court, as set out in the accompanying Ex Parte Order for Process of Maritime Attachment, for any process that is served on a garnishee to be deemed effective and continuous service of process throughout any given day on which process is served through the next day, provided that process is served the next day, and to authorize service of process via facsimile or e-mail following initial *in personam* service.

–3–

Dated: December 10, 2007
Southport, CT

Kevin J. Lennon

Sworn and subscribed to before me
this 10th day of December 2007.

COMMISSIONER OF SUPERIOR COURT//

—4—

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

BAOTONG SHIPPING LTD.,

Plaintiff,

- against -

MODERN WOOD INVESTMENT LTD.,

Defendant.

---------------------------------------------------------------X

**EX PARTE ORDER
FOR PROCESS
OF MARITIME
ATTACHMENT**

**WHEREAS**, on December 10, 2007 Plaintiff, BAOTONG SHIPPING LTD., filed a

Verified Complaint, herein for damages amounting to $96,237.24 inclusive of interest, costs and

reasonable attorney's fee, and praying for the issuance of Process of Maritime Attachment and

Garnishment pursuant to Rule B of the Supplemental Admiralty Rules for Certain Admiralty and

Maritime Claims of the Federal Rules and Civil Procedure; and

**WHEREAS**, the Process of Maritime Attachment and Garnishment would command that

the United States Marshal, or other designated process server, attach any and all of the

Defendants' property within the District of this Court; and

**WHEREAS**, the Court has reviewed the Verified Complaint and the Supporting

Affidavit, and the conditions of Supplemental Admiralty Rule B appearing to exist:

**NOW**, upon motion of the Plaintiff, it is hereby:

**ORDERED**, that pursuant to Rule B of the Supplemental Rules for Certain Admiralty

and Maritime Claims, the Clerk of the Court shall issue Process of Maritime Attachment and

Garnishment against all tangible or intangible property, credits, letters of credit, bills of lading,

effects, debts and monies, electronic funds transfers, freights, sub-freights, charter hire, sub-

charter hire or any other funds or property up to the amount of **$96,237.24** belonging to, due or

being transferred to, from or for the benefit of the Defendant, including but not limited to such

property as may be held, received or transferred in Defendant's name or as may be held, received

or transferred for its benefit at, moving through, or within the possession, custody or control of

banking/financial institutions and/or other institutions or such other garnishees to be named on

whom a copy of the Process of Maritime Attachment and Garnishment may be served; and it is

further

    **ORDERED** that supplemental process enforcing the Court's Order may be issued by the

Clerk upon application without further Order of the Court; and it is further

    **ORDERED** that following initial service by the U.S. Marshal, or other designated

process server, upon each garnishee, that supplemental service of the Process of Maritime

Attachment and Garnishment, as well as this Order, may be made by way of facsimile

transmission or other verifiable electronic means, including e-mail, to each garnishee; and it is

further

    **ORDERED** that service on any garnishee as described above is deemed effective

continuous service throughout the day from the time of such service through the opening of the

garnishee's business the next business day; and it is further

    **ORDERED** that pursuant to Federal Rule of Civil Procedure 5(b)(2)(D) each garnishee

may consent, in writing, to accept service by any other means.

Dated: December **10**, 2007              **SO ORDERED:**

                                         U. S. D. J.

                                         A CERTIFIED COPY
                                         J. MICHAEL McMAHON,          **CLERK**

                                         BY
                                                     DEPUTY CLERK

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------------X

BAOTONG SHIPPING LTD.,

                                   Plaintiff,

                  - against -

MODERN WOOD INVESTMENT LTD.,

                                   Defendant.

-------------------------------------------------------------------X

07 CV _____

ECF CASE

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 1/10/07

## ORDER APPOINTING SPECIAL PROCESS
## SERVER PURSUANT TO F.R.C.P. RULE 4(c)

An application having been made by counsel for Plaintiff for an Order Appointing a

Special Process Server pursuant to Rule 4(c) of the Federal Rules of Civil Procedure,

NOW, on reading and filing the Affidavit of Kevin J. Lennon, sworn to on December 10,

2007, and good cause shown having been shown, it is hereby

ORDERED that Patrick F. Lennon, Kevin J. Lennon, Charles E. Murphy, Nancy R.

Peterson or any other partner, associate, paralegal or agent of Lennon, Murphy & Lennon, LLC,

including Gotham Process Servers, be, and is hereby, appointed, in addition to the United States

Marshal, to serve the Process of Attachment and Garnishment and the Verified Complaint,

together with any interrogatories, upon the garnishee(s), together with any other garnishee(s)

who (based upon information developed subsequent hereto by the Plaintiff) may hold assets of,

for or on account of, the Defendant.

Dated: New York, NY
       December 10, 2007

CERTIFIED COPY
J. MICHAEL McMAHON,        CLERK

BY _____
        DEPUTY CLERK

Docket no.

THE PRESIDENT OF THE UNITED STATES OF AMERICA

To the Marshal of the Southern District of New York (or designated process server) - GREETINGS:

WHEREAS a Verified Complaint has been filed in the United States District Court for the Southern District of New York on the 10th day of December 2007 by

### BAOTONG SHIPPING LTD.,

Plaintiff,

against

### MODERN WOOD INVESTMENT LTD.,

Defendant,

in a certain action for breach of maritime contract wherein it is alleged that there is due and owing from the Defendant to the said Plaintiff the amount **$96,237.24** and praying for process of maritime attachment and garnishment against the said Defendant,

WHEREAS, this process is issued pursuant to such prayer and requires that a garnishee(s) shall serve their answer(s), together with answers to any interrogatories served with the Complaint, within 20 days after service of process upon him and requires that Defendant shall serve its answer within 30 days after process has been executed, whether by attachment of property or service on the garnishee.

NOW, THEREFORE, we do hereby command you that if the said Defendant cannot be found within the District you attach goods and chattels to the amount sued for; and if such property cannot be found that you attach other property, credit and effects to the amount sued for in the hands of:

ABN Amro, American Express Bank, Bank of America, Bank of New York Mellon, Bank of China, Barclay's Bank, BNP Paribas, Calyon, Citibank, Deutsche Bank, HSBC Bank USA Bank, J.P. Morgan Chase, Societe Generale, Standard Chartered Bank, UBS, Wachovia Bank N.A,

to wit: property, letters of credit, deposits, funds, credits, bills of lading, debts, settlement agreements, or other assets, tangible or intangible, in whatever form of:

### MODERN WOOD INVESTMENT LTD.

and that you promptly after execution of this process, file the same in this court with your return thereon.

WITNESS, the Honorable _Laura Taylor Swain_, Judge of said Court, this _10_ day of December 2007, and of our Independence the two-hundred and thirty-first.

Lennon, Murphy & Lennon, LLC
Attorneys for Plaintiff
The Gray Bar Building
420 Lexington Avenue, Suite 300
New York, NY 10170
Phone (212) 490-6050

J. MICHAEL McMAHON
Clerk

By: _Diahann Lewis_
Deputy Clerk

*NOTE: This Process is issued pursuant to Rule B(1) of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure and/or New York Civil Practice Law and Rules, Article 62.*

A CERTIFIED COPY
J. MICHAEL McMAHON,    CLERK

BY _____
DEPUTY CLERK

AO 440 (Rev. 8/01) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

Southern _____ District of _____ New York

BAOTONG SHIPPING LTD.

**SUMMONS IN A CIVIL ACTION**

V.

MODERN WOOD INVESTMENT LTD

CASE NUMBER: 07 CV 11125

TO: (Name and address of Defendant)

Modern Wood Investment Ltd.
13/FL Richmake Comm. Building
198 - 200 Queen's Road
Central
Hong Kong

**YOU ARE HEREBY SUMMONED** and required to serve on PLAINTIFF'S ATTORNEY (name and address)

Lennon, Murphy & Lennon, LLC
420 Lexington Avenue, Suite 300
New York, NY 10170

an answer to the complaint which is served on you with this summons, within _____ 20 _____ days after service of this summons on you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. Any answer that you serve on the parties to this action must be filed with the Clerk of this Court within a reasonable period of time after service.

**J. MICHAEL McMAHON**

CLERK

(BY) DEPUTY CLERK

DEC 10 2007

DATE

Case 1:07-cv-111☰☰LTS    Document 4    Filed 12/14/☰☰7 SD Page 1 of 3

1305

DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED:    DEC 1 4 2007

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
_____

Baotong Shipping Ltd.

               Plaintiff(s),

      -against-

Modern Wood Investment Ltd.

               Defendant(s).

_____

No. 07 Civ. 11125 (LTS)(THK)
INITIAL CONFERENCE ORDER

LAURA TAYLOR SWAIN, DISTRICT JUDGE:

1.    It is hereby ORDERED that a pre-trial conference shall be held in the above-captioned matter on **March 7, 2008 at 3:00 p.m.** in Courtroom No. 17C[1], Daniel Patrick Moynihan U.S. Courthouse, 500 Pearl Street, New York, New York 10007. It is further

2.    ORDERED that counsel[2] for plaintiff(s) shall serve a copy of this Initial Conference Order on each defendant within ten (10) calendar days following the date of this order, and that a copy of this Initial Conference Order shall also be served with any subsequent process that brings in additional parties, and that proof of such service shall be filed with the Court promptly. It is further

3.    ORDERED that counsel for the parties confer preliminarily at least twenty-one (21) days prior to the date set forth in paragraph 1 above to discuss the following matters:

    a.    Facts that are not disputed and facts that are in dispute.

    b.    Contested and uncontested legal issues.

    c.    The disclosures required by Fed. R. Civ. P. 26(a)(1).

    d.    Anticipated amendments to the pleadings, and an appropriate deadline therefor.

    e.    Settlement.

    f.    Whether mediation might facilitate resolution of the case.

    g.    Whether the case is to be tried to a jury.

    h.    Whether each party consents to trial of the case by a magistrate judge.

    i.    Anticipated discovery, including discovery of electronically stored information and procedures relevant thereto, and an appropriate deadline for the conclusion of discovery.

    j.    Whether expert witness evidence will be required, and appropriate deadlines for expert witness discovery.

    k.    Whether dispositive motions may be appropriate, and a deadline for such motions.

---

[1]    On the day of the conference, check the electronic board in the lobby to be certain of the proper courtroom.

[2]    As used in this Order, the term "counsel" shall, in the case of an individual party who is proceeding Pro-se, mean such party.

1.    Evidence to be presented at trial and the length of time expected to be required for the presentation of evidence at trial.

It is further

4.    ORDERED that counsel for all parties shall confer and shall prepare, execute and file with the Court, with one courtesy copy provided to chambers of the undersigned, no later than seven (7) calendar days before the date set forth in paragraph 1 above a single document captioned PRELIMINARY PRE-TRIAL STATEMENT, which shall be signed by all counsel, which shall set forth the following information, and which shall constitute the written report required by Fed. R. Civ. P. 26(f):

a.    A concise statement of the nature of this action.

b.    A concise statement of each party's position as to the basis of this Court's jurisdiction of the action, with citations to all statutes relied upon and relevant facts as to citizenship and jurisdictional amount.

c.    A concise statement of all material uncontested or admitted facts.

d.    A concise statement of all uncontested legal issues.

e.    A concise statement of all legal issues to be decided by the Court.

f.    Each party's concise statement of material disputed facts.

g.    A concise statement by each plaintiff and each counterclaimant of the legal basis of each cause of action asserted, including citations to all statutes, Federal Rules of Civil Procedure, other rules and case law intended to be relied upon by such plaintiff or counterclaimant.

h.    Each party's concise statement of the legal basis of each defense asserted or expected to be asserted by such party, including citations to all statutes, Rules, and other applicable regulatory and judicial authority intended to be relied on by such party.

i.    A concise statement of the measure of proof and on whom the burden of proof falls as to each cause of action or defense.

j.    Whether and to what extent amendments to pleadings and/or the addition or substitution of parties will be required, and proposed deadlines therefor.

k.    A statement as to whether all parties consent to transfer of the case to a magistrate judge for all purposes, including trial (without identifying which parties have or have not so consented).

l.    What, if any, changes should be made in the timing, form or requirements for disclosures under Fed. R. Civ. P. 26(a), including a statement as to when any disclosures required under Fed. R. Civ. P. 26(a)(1) were made or will be made.

m.    The subjects on which disclosure may be needed and a proposed discovery cut-off date.

n.    Whether and to what extent expert evidence will be required, and proposed deadlines for expert discovery.

o.    What, if any, changes should be made in the limitations on discovery imposed under the Federal Rules of Civil Procedure or the Local Rules of court, and what other limitations should be imposed.

p.    The status of settlement discussions and the prospects for settlement of the action in whole or in part, provided that the Preliminary Pre-Trial Statement shall not disclose to the Court specific settlement offers or demands.

q. A statement by each party as to whether the case is to be tried with or without a jury, and the number of trial days expected to be needed for presentation of that party's case.

r. Any other orders that should be entered by the Court under Fed. R. Civ. P. 26(c) or Fed. R. Civ. P. 16(b) and (c).

It is further

5. ORDERED that counsel shall be prepared to discuss the foregoing at the pre-trial conference, as well as whether a reference to the Magistrate Judge or to mediation may be helpful in resolving this case, and anticipated dispositive motions and a deadline therefor. It is further

6. ORDERED that counsel attending the pre-trial conference shall seek settlement authority from their respective clients prior to such conference. "Settlement authority," as used herein, includes the power to enter into stipulations and make admissions regarding all matters that the participants may reasonably anticipate discussing at the pre-trial conference including, but not limited to, the matters enumerated in the preceding paragraphs.

7. In the event that any party fails to comply with this Order, the Court may impose sanctions or take other action as appropriate. Such sanctions and action may include assessing costs and attorneys' fees, precluding evidence or defenses, dismissing the action, and/or the imposition of other appropriate penalties.

8. This case has been designated an electronic case. Counsel for all parties are required to register as filing users in accordance with the Procedures for Electronic Case Filing promptly upon appearing in the case.

IT IS SO ORDERED.

Dated: New York, New York
December 13, 2007

LAURA TAYLOR SWAIN
United States District Judge



UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
INDIVIDUAL PRACTICES OF JUDGE LAURA TAYLOR SWAIN

*The following Individual Practices Rules apply to all civil and criminal matters pending before Judge Swain on and after December 12, 2007.*

Unless otherwise ordered by Judge Swain, matters before Judge Swain shall be conducted in accordance with the following practices:

## 1.     Communications with Chambers

**A. Letters.** Except as otherwise provided below, communications with Chambers shall be by letter, with copies delivered simultaneously to all counsel. All correspondence must be labeled with the name and docket number of the case, the Judge's initials (LTS), and (for civil cases) the Magistrate Judge's initials. Copies of correspondence between counsel shall not be sent to the Court. Prior to requesting judicial action, the requesting counsel shall consult with all other parties in an effort to obtain their consent to the request. The letter to the Court shall confirm that such effort has been made and shall indicate whether the request is being made on consent. See also Paragraph 2.B. below.

**B. Telephone Calls.** Except as provided in Paragraph D. below, telephone calls to Chambers are permitted only in emergency situations requiring immediate attention. In such situations only, call Chambers at (212) 805-0417.

**C. Faxes.** Faxes to Chambers are permitted only if copies are also faxed or delivered simultaneously to all counsel. No document longer than five (5) pages may be faxed without prior authorization. Do not follow with hard copy. The fax number is (212) 805-0426.

**D. Docketing, Scheduling, and Calendar Matters.** For docketing, scheduling and calendar matters, call Mrs. Lisa Ng at (212) 805-0424.

**E. Requests for Adjournments or Extensions of Time.** All requests for adjournments or extensions of time must be made in writing, with copies to all other counsel and/or unrepresented parties, and must state (1) the original date, (2) the number of previous requests for adjournment or extension, (3) whether these previous requests were granted or denied, and (4) whether the adversary consents, and, if not, the reasons given by the adversary for refusing to consent. *If the requested adjournment or extension affects any other scheduled dates, a proposed Revised Scheduling Order must be attached.* If the request is for an adjournment of a court appearance, absent an emergency it must be made at least 48 hours prior to the scheduled appearance.

## 2. Motions

**A. Pre-motion conferences in civil cases.** For discovery motions, follow Local Civil Rule 37.2. For motions other than discovery motions, pre-motion conferences are not required. *Compliance with the certification requirement of Paragraph B. below is, however, required for all motions, whether discovery-related or not.*

**B. Informal efforts to resolve issues required.** In civil cases, prior to making a motion of any type, and prior to requesting a conference on any discovery issues, the parties shall use their best efforts to resolve informally the matters in controversy. Such efforts shall include, but need not be limited to, an exchange of letters outlining their respective legal and factual positions on the matters and at least one telephonic or in-person discussion of the matters. If a motion or a discovery conference request remains necessary, the notice of motion or written discovery conference request must include a separate paragraph certifying in clear terms that the movant or requesting party has used its best efforts to resolve informally the matters raised in its submission.

**C. Motions for default judgments.** A party wishing to obtain a default judgment shall notify the Court by letter (copied to the party against which a default judgment is to be sought) of its desire to seek a default judgment. The Court will direct the party as to whether evidentiary submissions will be required in connection with the motion. Default judgments will be granted only upon written motion with notice to Defendant(s) and their counsel, if known. Copies of the Clerk's Certificate, and of proof of service of the Summons and Complaint and the Motion for Default Judgment, shall be attached to the Motion for Default Judgment.

**D. Motions for withdrawal or displacement of attorney of record in civil matters.** An attorney who has appeared as attorney of record for a party in a civil matter may be relieved or displaced in accordance with Local Civil Rule 1.4. A motion pursuant to Local Civil Rule 1.4 must be accompanied by (a) an affidavit of the applicant attorney's client, confirming the client's consent to the withdrawal, displacement, substitution or other change in representation or (b) in the absence of such consent, proof of service of the motion on the client.

**E. Evidentiary support.** Evidentiary support, in admissible form, of all factual assertions relied upon in support of or in opposition to a motion shall be filed and served with the moving or opposition papers, as the case may be. Recitals in notices of motion, attorneys' affirmations, assertions of material factual matters "on information and belief" and the like are generally insufficient to establish factual matters.

**F. Briefing.** Unless otherwise directed by the Court in the particular case, motions in civil cases shall be briefed in accordance with the schedule set forth in Local Civil Rule 6.1, and motions in criminal cases shall be briefed in accordance with Local Criminal Rule 12.1.

**G. Courtesy copies.** Except as provided in Paragraph 5.C.2. below, one set of courtesy copies of all pleadings and motion papers, marked as such, shall be submitted to the Court's mail receiving facility, for Chambers, as soon as practicable after filing.

**H. Memoranda of law.** Unless prior permission has been granted, memoranda of law in support of and in opposition to motions are limited to 25 pages, and reply memoranda are limited

SWAIN.WPD        DECEMBER 12, 2007                    2



to 10 pages. Memoranda shall be printed or typed in a 12-point or larger font and shall have side and top margins of at least one inch. Memoranda of 10 pages or more shall contain a table of contents.

I. **Filing of motion papers.** Motion papers shall be filed promptly after service.

J. **Oral argument and evidentiary proceedings on motions.** Parties may request oral argument and/or indicate the need for an evidentiary hearing at the time their moving, opposing or reply papers are filed, by including a conspicuous notation of the request on the cover page of the relevant paper. The Court will determine whether argument will be heard and/or whether an evidentiary proceeding is required to resolve disputed factual issues and, if it determines that such an argument or proceeding is necessary, will advise counsel of the relevant date.

### 3. Pretrial Procedures - Civil Cases

A. **Joint pretrial statement.** A joint pretrial statement shall be filed, and other materials submitted, in accordance with the Pre-Trial Scheduling Order entered in the particular case.

### 4. Proposed Orders and Judgments

A. **Submission of proposed orders and judgments.** All proposed orders and judgments, including stipulations to be "so-ordered," shall be submitted first to the Orders and Judgments Clerk at 500 Pearl Street or in the manner required by the Court's Electronic Case Filing Procedures, for approval as to form before being submitted for Chambers.

### 5. Criminal Matters

A.      **Initial pre-trial conference.** The Assistant U.S. Attorney shall contact Chambers as soon as possible after the case is assigned to Judge Swain. The Assistant shall provide all pertinent information to Chambers, including a faxed copy of the information/indictment. The Courtroom Deputy will set up a conference/arraignment.

B.      **Substitution of counsel.** When there is a substitution of defense counsel, counsel of record must contact Mrs. Durocher (the Courtroom Deputy) to schedule a conference. At the conference, the Court will address the application by defense counsel to be relieved. The defendant, counsel of record, the proposed replacement counsel, and the Assistant United States Attorney must all attend the conference.

C.      **Motions in criminal cases.**

1.      Counsel are expected to comply with Local Criminal Rule 16.1. Any motion described in that Rule must include a Rule 16.1 affidavit.

2.      Counsel shall provide two courtesy copies of all motion papers to Chambers. The memoranda of law should also be provided to the Court on a 3.5" diskette or CD in WordPerfect version 6 or higher format.

3.      Except for good cause shown, all motions *in limine* shall be interposed so as to permit full briefing prior to the final pretrial conference date.

**D.    Pleas.** The plea agreement or <u>Pimentel</u> letter must be provided to Chambers at least <u>two</u> full business days before the time set for the conference at which the disposition is to be addressed. Defense counsel are expected to have reviewed any plea, cooperation, or other agreement, as well as any Advice of Rights form provided to counsel by the Court – with the assistance of an interpreter, if necessary – with the defendant <u>prior</u> to the time set for the conference with the Court.

**E.    Sentencing.**

1.    Any request for adjournment of a sentencing shall be made in writing as early as possible, but no later than <u>three</u> business days before the date at issue. Such requests should state whether opposing counsel consents.

2.    All submissions and applications with respect to a sentencing shall be served and submitted to the Court in sufficient time to ensure that the Court has received all such papers <u>and all responses thereto</u> no later than seven (7) days prior to the sentencing.

\* \* \* Communication Result Report ( Dec. 27. 2007 2:11PM ) \* \* \*

1) Lennon, Murphy & Lennon LLC
2) Tide Mill Landing, Southport

Date/Time: Dec. 27. 2007 1:44PM

| File No. Mode | Destination | Pg(s) | Result | Page Not Sent |
|---|---|---|---|---|
| 2879 Memory TX | 011 85225453997#1305 | P. 37 | OK | |

```
Reason for error
  E. 1) Hang up or line fail                 E. 2) Busy
  E. 3) No answer                            E. 4) No facsimile connection
  E. 5) Exceeded max. E-mail size
```

---

LENNON, MURPHY & LENNON, LLC – *Attorneys at Law*

The Gray Bar Building
420 Lexington Ave., Suite 300
New York, NY 10170
phone (212) 490-6050
fax (212) 490-6070

Patrick F. Lennon - *pfl@lenmur.com*
Charles E. Murphy – *cem@lenmur.com*
Kevin J. Lennon – *kjl@lenmur.com*
Nancy R. Peterson – *nrp@lenmur.com*

Tide Mill Landing
2425 Post Road
Southport, CT 06890
phone (203) 256-8600
fax (203) 256-8615

December 27, 2007

*Via DHL*
*Via Facsimile: 011 352 2545 3997*
*Via E-Mail: modernwood@oceeregister.com*
Madam, Wood Investment Ltd.
13/F, Richmake Comm. Bldg.
198-200 Queen's Road Central
Hong Kong

Re:    *Bontong Shipping Ltd. v. Modern Wood Investment Ltd.*
       Docket No.: 07 Civ. 11125 (LTS)
       United States District Court, Southern District of New York
       LML ref: 07-1305

Dear Sir or Madam:

We represent the Plaintiff, Bontong Shipping Ltd., in the above referenced lawsuit. We write to advise you that pursuant to an ex parte order of maritime attachment and garnishment issued in the above referenced lawsuit, your property was attached at J.P. Morgan Chase on or about December 21, 2007 at in amount of $96,257.24.

Please find attached in this letter the following pleadings filed in the above referenced lawsuit including, the Complaint, Affidavit in Support, Rule 7.1 Statement, Ex-Parte Order, Process of Attachment, Initial Conference Order and also the Individual Rules for Honorable Judge Laura Taylor Swain.

Should you have any questions or concerns, please contact us at your convenience.

This letter is sent pursuant to Local Rule B.2 of the Local Rules for the United States District Court for the Southern District of New York.

Very truly yours,

Kevin J. Lennon

KJL/bhs
Encl.






**From:** LENNON MURPHY & LENNON
Lennon, Murphy and Lennon
2425 POST ROAD
SUITE 301
SOUTHPORT, CT 06890
UNITED STATES Tel:203-256-8600

**To:** Modern Wood Investment Ltd.
Sir or Madam
13/F, Richmake Comm. Bldg.
198-200 Queen's Road
Central,
HONG KONG

Tel:203-256-8600

POSTCODE: **HKG**

ORIGIN: **NWK**
Sender's ref:
1305

Parcel: **1/1**

DOX

Description:Legal Documents

Weight:Letter for 1 pcs
Date: 2007-12-27

Customs Value: 1 USD for 1 pcs
These commodities, technology, or software were exported from the United Stated in accordance with the Export Administration regulations. Diversion contrary to U.S. law prohibited. Shipment may be varied via intermediate stopping place which DHL deems appropriate.

NWKHKGX

WAYBILL: 8850554064

Worldwide Express

---

Create New International Shipment        View International Pending Shipments

SENDER'S RECEIPT
Airbill#:     8850554064
To(Company):
Modern Wood Investment Ltd.
13/F, Richmake Comm. Bldg.
198-200 Queen's Road
Central,
HONG KONG
Attention To: Sir or Madam
Phone#:     203-256-8600

Sent By:     Lennon, Murphy and Lennon
Phone#:     203-256-8600

| | |
|---|---|
| Rate Estimate: | 28.77 |
| Protection: | None Required    Amount: $0 |
| Description: | Legal Documents |
| Weight: | Letter |
| Dimensions: | 0 X 0 X 0 |
| Ship Ref: | 1305 |
| Service Level: | International Express |
| | (Est. delivery is within two business days of customs clearance) |
| Special Service: | |
| Date Printed: | 2007-12-27 |
| Bill Shipment To: | Sender |
| Bill To Account: | 803172641 |
| Ship Date: | 2007-12-27 |

DHL Signature (optional)_____    Route_____ Date_____ Time_____



For Tracking, please go to www.dhl-usa.com or call 1-800-CALL-DHL
Thank you for shipping with DHL Worldwide Express



# Commercial Invoice

LENNON MURPHY & LENNON
2425 POST ROAD
SUITE 301
SOUTHPORT, CT 06890 US

| Shipper/Exporter:<br><br>LENNON MURPHY & LENNON<br>2425 POST ROAD<br>SUITE 301<br>SOUTHPORT, CT 06890 | Waybill Number:<br><br>8850554064 |
|---|---|
| | Export Date (dd/MMM/yyyy):<br><br>27/Dec/2007 |
| | Weight:<br>0(lb) |

| Receiver/Consignee:<br><br>Modern Wood Investment Ltd.<br>1305<br>13/F, Richmake Comm. Bldg.<br>198-200 Queen's Road<br>Central HONG KONG<br>203-256-8600 | Receiver Reference: | Shipper Reference:<br>1305 |
|---|---|---|
| | Country Of Ultimate Destination:<br>HONG KONG | |
| | Exporting Carrier:<br>DHL Express Corporation | |

| Receiver Tax ID/VAT#: | Terms Of Trade: |
|---|---|

| Line | Description of Merchandise | HTS# | Country of Origin | Quantity | Unit | Unit Value | Line Total |
|---|---|---|---|---|---|---|---|
| 1 | Legal Documents | | United States | 1 | EA | 1 | 1.0 |

| Package Marks: | Misc. charges: |
|---|---|

| Shipment Comments: | Invoice Total:    1.0 |
|---|---|

**These commodities, technology or software were exported from the United States in accordance with the Export Administration Regulations. Diversion contrary to U.S. law is prohibited.**
*Signature:*_____ *Date:*_____

Close this window




# Certificate of Origin

The undersigned:

for: LENNON MURPHY & LENNON
2425 POST ROAD
SUITE 301
SOUTHPORT, CT 06890

declares that the following mentioned goods shipped via: DHL CORPORATION

on the date:                12/27/2007(mm/dd/yyyy)

cosigned to: Modern Wood Investment Ltd.
13/F, Richmake Comm. Bldg.
198-200 Queen's Road
Central, null null HONG KONG
Sir or Madam    203-256-8600

are the product of the countries described below.

| Line | Description of Merchandise | HTS# | Country of Origin | Quantity | Unit |
|------|---------------------------|------|-------------------|----------|------|
| 1 | Legal Documents | | United States | 1 | EA |

Sworn before me this day:

_____                    _____

(Day, Month, Year)                                    (Day, Month, Year)

_____                    _____

(Notary Signature)                                    (Signature of Owner or Agent)

Close This Window